# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| SALY GIBBS,<br>       Plaintiff,<br><br>v.<br><br>FAMILY CARE CENTER OF INDIANA, LLC<br>d/b/a MEDICAL SPECIALISTS CENTERS<br>OF INDIANA and DR. ALEX STEMER,<br>       Defendants.<br>_____<br>FAMILY CARE CENTER OF INDIANA, LLC<br>d/b/a MEDICAL SPECIALISTS CENTERS<br>OF INDIANA and DR. ALEX STEMER,<br>       Defendants.<br><br>v.<br><br>SALLY GIBBS,<br>       Plaintiff, | CAUSE NO.: 2:09-CV-385-WCL-PRC |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Depose Defendant Stemer for an Additional Two Hours [DE 49], filed by Plaintiff Sally Gibbs on February 3, 2011, and Plaintiff's Motion for Leave to Depose Defendant Stemer for an Additional Two Hours [DE 44], filed by Gibbs on January 27, 2011. Defendants filed a response in opposition on February 10, 2011, and Gibbs filed a reply on February 17, 2011.

On December 7, 2010, Gibbs deposed Dr. Alexander Stemer for seven hours and fifty seconds, at which point Dr. Stemer stopped the deposition notwithstanding Gibbs' request to continue the deposition. As the parties were unable to resolve the instant dispute without Court intervention, Gibbs now asks the Court for an order allowing her an additional two hours to depose Dr. Stemer on the grounds that the scope of her Complaint is broad and complex, that Defendants have asserted multiple counterclaims, that Dr. Stemer is the principal witness for Defendants, and that Dr. Stemer obstructed

the orderly and timely completion of the deposition by asking the court reporter to read back the question on 73 different occasions. In response, Dr. Stemer argues that Gibbs does not identify any area of inquiry that her counsel was unable to address within the 7 hour limit, that Dr. Stemer was questioned extensively on every claim at issue in the case, and that halfway through the deposition Gibbs' counsel acknowledged the time limit and said "as long as I have seven hours on the record, that's fine by me." Dr. Stemer also argues that he did not delay the deposition when he asked that questions be read back but rather that certain questions were lengthy, compound, and confusing. In reply, Gibbs identifies specific categories of questioning she was not able to complete.

Federal Rule of Civil Procedure 30(d)(1) sets forth a seven-hour time "limit" for a deposition: "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). However, the same paragraph goes on to require the Court to extend the deposition time "if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Id*.

In her four-count Complaint, Gibbs alleges claims against Dr. Stemer and Family Care Center of Indiana, LLC ("FCCI") for Title VII sexual harassment, Title VII retaliatory discharge based on her objections to the sexual harassment, retaliatory discharge resulting from her having filed a worker's compensation claim, and retaliatory discharge resulting from her objection to and refusal to participate in alleged conduct by Dr. Stemer that she contends would have constituted Medicare fraud. The sexual harassment claim arises from a pattern of misconduct that she alleges took place over a number of years, and her claim for retaliatory discharge based on Medicare fraud concerns both FCCI's response to a Medicare audit involving seven different doctors and a proposed program that FCCI and Dr. Stemer allegedly sought to implement in 2008. In response, Defendants have asserted counterclaims for breach of fiduciary duty arising from alleged overbilling by FCCI's law firm and

a purported conspiracy between Gibbs and an interior design firm hired by FCCI, misappropriation of trade secrets, conversion, and defamation.

The principal individual involved in the alleged conduct underlying Gibbs' claims is Dr. Stemer. Dr. Stemer is the Chief Executive Officer whom Gibbs claims sexually harassed her, terminated her for improper reasons, and proposed the conduct that Gibbs contends would have violated Medicare regulations. Dr. Stemer has also been identified by Defendants as the individual most knowledgeable regarding the allegations against Gibbs on which Defendants' counterclaims are based.

Without passing judgment on whether "another person, or any other circumstance" had "impedes[d] or delay[ed] the examination," the Court finds that additional time is needed by Gibbs "to fairly examine" Dr. Stemer by deposition in the areas of questioning she has identified. Fed. R. Civ. P. 30(d)(1); *see also Raymond v. Ameritech Corp.*, No. 03-CV-4509, 2004 WL 1381134, at *2 (N.D. Ill. May 7, 2004). The additional two hours requested by Gibbs is reasonable given the number of claims and counterclaims in this case and in light of the topics already covered by Gibbs in the first seven hours of Dr. Stemer's deposition; however, in the interests of justice, the Court limits the permissible deposition topics for the additional two hours to the topics identified by Gibbs in her reply brief, namely: (1) Defendants' trade secret claim, including but not limited to the safeguards employed by Defendants to protect their alleged trade secrets; (2) the discussions Dr. Stemer had with his partners and the various steps taken by Defendants that resulted in Gibbs' termination; (3) Defendants' purported reasons for terminating Gibbs, including, but not limited to, (a) the alleged instances of "anger" that Defendants have claimed justified her termination, (b) Gibbs' alleged pitting of employees against one another, (c) the alleged instances when Gibbs mocked subordinate employees, and (d) the threats Gibbs allegedly made against Defendants; and (4) Defendants' conversion claim concerning Gibbs' return of her laptop computer and Blackberry cellular telephone.

3

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's Motion for Leave to Depose Defendant Stemer for an Additional Two Hours [DE 49] and **DENIES as moot** Plaintiff's Motion for Leave to Depose Defendant Stemer for an Additional Two Hours [DE 44]. The Court **ORDERS** that Plaintiff Sally Gibbs is granted leave to depose Defendant Dr. Alexander Stemer for an additional period of time limited to two hours and limited to the following topics identified by Plaintiff: (1) Defendants' trade secret claim, including but not limited to the safeguards employed by Defendants to protect their alleged trade secrets; (2) the discussions Dr. Stemer had with his partners and the various steps taken by Defendants that resulted in Gibbs' termination; (3) Defendants' purported reasons for terminating Gibbs, including, but not limited to, (a) the alleged instances of "anger" that Defendants have claimed justified her termination, (b) Gibbs' alleged pitting of employees against one another, (c) the alleged instances when Gibbs mocked subordinate employees, and (d) the threats Gibbs allegedly made against Defendants; and (4) Defendants' conversion claim concerning Gibbs' return of her laptop computer and Blackberry cellular telephone.

SO ORDERED this 28th day of February, 2011.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record